# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY WATKINS, individually and as mother and next friend of Catelin Watkins and Jackson Watkins, minors,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. CIV-07-264-RAW |

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss [Docket No. 8] and Motion to Dismiss First Amended Complaint [Docket No. 28]. The Court is somewhat perplexed as to the purpose of Defendant's second motion, as it is the same as the first. The second motion [Docket No. 28], therefore, is DENIED as superfluous.

As Defendant notes in its Reply, Plaintiff's First Amended Complaint filed on October 22, 2007 renders moot Defendant's argument that this Court does not have subject matter jurisdiction. Indeed, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The only issue remaining is whether this action must be dismissed for lack of personal jurisdiction. As Defendant notes, a federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state." Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988) (citing World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 291 (1980)

(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))). "The defendant's contacts with the forum State must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (quotations and citations omitted). Defendant's conduct with the forum state must be such that Defendant has "purposefully availed" itself of the privilege of conducting business within that state. Id.

Plaintiff "bears the burden of establishing personal jurisdiction over" Defendant. Id. (citations omitted). The accident at issue in this litigation occurred in Oklahoma. Plaintiff, however, is an Arkansas resident, and she brought this action against her *own* insurance company, a Mississippi corporation. No party to this litigation resides in Oklahoma. As Defendant aptly points out, Plaintiff has made no allegation that Defendant maintained any contact with Oklahoma that would allow the Court to exercise specific or general jurisdiction over Defendant in this action. The Tenth Circuit has stated that it is troubled by the assumption "that by agreeing to defend its insured in any forum, an insurer forsees being sued by its *own* insured in any forum when a coverage dispute arises." OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095 (10th Cir. 1998) (emphasis in original). The Circuit continues:

> An insurance company who issues a policy in which it agrees to *defend* its insured in a certain forum can undoubtedly foresee that it may have to provide a defense for its insured who is haled into court there. It does not follow, however, that by agreeing to defend in the forum, that the insurance company also by implication agrees that it will litigate disputes between it and its insured regarding the terms of an insurance contract in a foreign forum.

Id. (emphasis in original).

As the Circuit also notes, in determining whether maintenance of the suit violates fair play and substantial justice, the Court must consider: "(1) the burden on the defendant, (2) the

forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." Id. (citing Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 113 (1987)). The Circuit opines that the strength of these factors may establish the reasonableness of jurisdiction when a plaintiff has not shown minimum contacts exist, but also may be so weak that maintenance of a suit would offend due process even if minimum contacts are present.

In this case, Plaintiff has not established that minimum contacts exist. As to the five factors, the Court has considered them and finds that: (1) the burden of litigation in a foreign state is generally an increased burden, (2) Oklahoma has no interest in this litigation, (3) as Plaintiff has provided the Court with no other statement, the Court believes she will receive more convenient relief in her home state, (4) this forum is not the most efficient place to litigate this dispute, and (5) maintenance of this suit would not likely offend the shared interest of the states in furthering fundamental substantive social policies.

The Court does not believe its maintenance of this action is proper in the current situation. As the Court previously noted: Defendant is a Mississippi corporation, Plaintiff is an Arkansas resident, and no party to this action resides in Oklahoma. As the Circuit noted in OMI, while Defendant agreed to *defend* Plaintiff in Oklahoma, the Court doubts Defendant foresaw that it would have to defend an action *brought by* Plaintiff, *its own insured*, in Oklahoma. Furthermore, Plaintiff has failed to established minimum contacts with this state. For these reasons and taking into account the five factors above, the Court declines to exercise personal

jurisdiction over Defendant in this action. Defendant's motion to dismiss [Docket No. 8] is hereby GRANTED and this action is hereby DISMISSED.

IT IS SO ORDERED this 11th day of December, 2007.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**